My apologies. Council, if you would step forward and introduce yourself. Fifteen minutes for your time. Good morning, Your Honors. Kerry Rosenthal on behalf of the appellants and the defendants in the underlying cause, the Petersons. This is actually a very simple case. We've raised two issues. No, it's not. It's a very simple case. It's a very heavy case. I mean, there's a lot at stake. There's $550,000 at stake, isn't there? Yes. It's definitely a heavy case. But the actual issue that has to be decided, I believe, is very simple. And when you say that, it's because there's been a fairly lengthy history for an arbitration case in the Circuit Court of Cook County. It doesn't happen too often when, you know, on the first demand for arbitration, you are able to persuade a circuit court judge that that demand really should be held to no effect because the arbitrator denied your client's very reasonable request. And that part was heavy. And that I will agree. I think that was nearly unprecedented. I can't claim credit for it because I was not the attorney involved. But in any event, the problem I have in this case is that you're now seeking to use that very positive result for your client, the shield versus the sword sort of thing, where you're now seeking to cut off the legs of the other side by saying, whoops, too late, too bad, no jurisdiction. You didn't follow the exact terms of the arbitration agreement. That seems a little unfair, don't you say? I would say no because, first of all, the clause itself is essentially a confession of judgment. Now, why they framed it as an arbitration. Wait a minute. Let's get back to your brief, okay? Sure. Because that, you know, we're used to briefs being guidelines into the record for us. Sure. And we rely on them to point us in the direction we ought to look, okay? Sure. In your brief, which is not very long, that is to say your statement of facts, you start out with statutes involved and you cite the section 2-1005. Correct. And you analogize what went on here as a motion for summary judgment. It wasn't that at all. That's a mischaracterization of what occurred here. I've got the final order that Judge Epstein signed somewhere here, and it clearly indicates that what he's doing is signing off on an arbitration award, okay? Okay. An award is... I respectfully disagree, but... You say, for some reason we ought to look at the summary judgment section. Then you go on to say, the arbitrator lacked jurisdiction because the terms of the guarantee required the arbitrator shall render a decision with 38 days and everything else. Now, all of that stuff was argued once before. And then you finally say, technically the court's summary disposition of this proceeding was in the parameters of section 2-1005 of the Illinois Code of Civil Procedure. You cited no case in support of that argument. None. I didn't find any cases. Of course, and I don't think you will. I don't think I will. It's a mischaracterization of what took place in the trial court. So let's go back to your original introduction regarding a simple case. It certainly seems simple when there is very little authority on your side of the issue. You can always raise jurisdiction. There's no question about that. And that's the heart of your argument. That is the heart of my argument. It has nothing to do with summary judgment. It has to do with jurisdiction. And you're saying the issue of whether the arbitration clause was effectively waived in this instance would apply to this question and would negate the arbitration altogether if Damien lacked jurisdiction over the Petersons. Now, you're not talking about Damien's jurisdiction. You're talking about the arbitrator's jurisdiction and the court's jurisdiction. You chose to not show up when you were ordered. You were compelled to arbitration. Okay? And you walked away from it. You've got a remedy right there. When you are compelled to arbitration, what do you do? You file a 307 appeal. And you get the jurisdiction issue resolved. Okay? You didn't do anything. You just walked away. Now you're suggesting that all of the arguments that you could have had with respect to the jurisdictional question were not waived because jurisdiction can be raised at any time. Right? Right. Okay. I think that's what I gleaned from your brief, although it isn't easy to follow your brief because you start out with this business about summary judgment. Well, what you're basically saying is he didn't have any jurisdiction to order respect to arbitration after the first one was vacated. And after they failed to effectively come up with a good reason, or they blew the time limit, whatever it was. But at the heart of your jurisdictional argument is that there were, that the second request was in fact the second request and not a continuation of the first proceeding. And there was a third request. Right. But you don't cite to a single case that characterizes those requests as being separate arbitration proceedings. Well, I cite the actual language of the arbitration law. I would really prefer some case law to help us along to bootstrap your argument. And the problem, you get off on the wrong foot with all of this summary judgment stuff. Okay. Well, we do have to hear your case because I think at the heart of your argument is a jurisdictional one. That is true. That is what I was going to say in my prepared statement here. I would say that the order of United Commercial Travelers v. Wolf, which is a U.S. Supreme Court case, 331 U.S. 586, which I do cite. Is your best case for jurisdiction being? I believe so because that's kind of the same issue here. Okay. They had, it's not an arbitration that's involved, but it's a contractual, at least part of it's contractual. And I think it's analogous in that it says that they blew it because they stipulated, but the provision in the bylaws, I believe it was, or the Constitution. Yeah, the brief aside, I think that's your argument. That is mostly my argument, yes. I don't understand the procedure that was used here either, but that's kind of a side issue. Because no arbitration, it happens every day of the week. But why couldn't we answer the complaint? Well, what you did though, when you were denied all of that and you were ordered to, you were compelled to arbitration the second time, okay? Okay. On the original one, really. I still don't understand why we weren't. It wasn't a new proceeding. It was, the trial court never lost jurisdiction over this. No, I didn't say the trial court lost jurisdiction. No. And when you were compelled, you had a remedy under 307 because the compelling arbitration is injunctive in nature. You could have taken an appeal as of right under 307. You didn't. Since it's a jurisdictional issue, I'm not sure you can waive it simply because you didn't appeal under 307. That was our argument. So you didn't make that argument. I just made it for you. How do we review Judge Epstein's finding in his order that you waived any challenge to the proceeding because you didn't object? Well, again, I don't think we do waive jurisdiction. I don't think we can waive jurisdiction. He says you waived any challenge. Jurisdictional challenges can be waived by you, not the court, but by you. And how do we, I'm asking you, how do we review that? Are we reviewing that for an abuse of discretion or de novo? I would say de novo. He says you waived it because you did not object. Well, I would say it's either abuse of discretion or de novo, but I would say I don't think he had a right to make that finding. Did you ever raise that, really? I'm sorry, what? Did you really raise that before Judge Epstein at any time? Specifically, narrowly discuss the issue of jurisdiction? Yes. Whether or not you did, I don't care. Yes. All right. So you're arguing you didn't waive it. You preserved it. That's my argument. And that by walking away from what you characterized as a second or a third demand for arbitration, you were just indicating to the court clearly that the court didn't have any jurisdiction to order you to do it. Well, if my theory is correct, yes. How did, how was there, I mean, how can you call this a second demand? Because they made a second demand. No. How do you call it a second demand at all? Because here was a situation where you requested a continuance. Why wasn't this a continuing hearing? You asked for continuance. Your client's ill health precluded his presence. How does this become a second demand? Because I think he, it's incumbent upon him to properly characterize it. All right. But what if we characterize it as one and only one? The demand was never complied with. The demand was to have an arbitration. You requested that the arbitration be postponed. Why is there any need for a second demand or why should we call it second demand? Because there was never the initial arbitration because of the request for continuance. How is this ever a second demand? I don't know how it's a second demand. Well, but you're saying it is, but really it's actually, well, it's really the first demand. It's just that a continuance was requested. I don't even see how there's a, I don't see how we can call this a second demand. Well, the 38 days also passed. Well, okay. Now, that's another, I mean, is it possible to argue? And that was the argument I did make. Yes. I know you made that argument, but. And they did this in order to, because I was telling them that the 38 days had passed. So they filed a third demand based on that whole argument, which was made in the lower court. Was this a court of equity where this case was heard? Was this the Chancery Division? Chancery, yes. Any of those equitable principles apply here at all? You know, kind of. I don't think it does. In a provision like this that is. And that, you know, you come in, the other side wants to arbitrate, the court orders it. Under the provisions of the contract, you say, oh, we can't be there, we're ill, you know. And then after the 38 days has passed, well, we can't have this anymore because, you know. We blew the 38 days because we couldn't be there? Well, it was not applied in order of United Commercial Travelers versus Wolf, where they made a stipulation between the parties. That was not applied. It said that. Was there an illness there? Was there a request to continue an arbitration because the party who didn't want to be at arbitration was sick? They voluntarily dismissed the case with a stipulation. But there was no voluntary dismissal by stipulation here? No, that's a distinction between the two cases. Well, that's a big distinction, wouldn't you say? There really isn't a case like this, is there? Anywhere? Well, there are cases that say. That when you request a continuance from the arbitration and you're given that continuance because of illness, that's it? You're done? I'm going to hold you to your argument here because it's in your brief. And it's the only argument in your brief that I think puts you here. Basically what you said, it is well settled law that a party waives their right to arbitrate by failing to adhere to reasonable time requirements. That's my argument. Order of the United Commercial Travelers, U.S. Supreme Court case, that's about as a bust as you can get. That's my argument. And your argument is, I didn't waive anything, they did. That's true. And your argument to Judge Epstein was, you've lost jurisdiction to compel me to any further arbitration with these people. That is my argument. I understand your argument. That's why I made it very simple. I don't understand it because when Justice Kagan read that, there's a little missing ingredient here. And that is that the 38 days were blown because of the illness. Now you're confusing things with facts. I'm asking you to, that's his argument. My arm is very technical. We're not addressing quite the substance of it quite yet. The equation here was, how did that 38 days get blown? I think I understand his position.  And I don't think there's been a count on that. You'll get a couple minutes to respond. I just don't think there's been a counter argument made. All right, you'll get a couple minutes. So it's hard to address a counter argument when it's not made. And in fact, that might have made it easier had they gone first. I think it has made it a lot easier. Go ahead, you can have a seat. Thank you. You can tell us why you waived your right to arbitrate. In as few words as possible. May it please the Court, Jerry Boyle, with me, my colleague, Rebecca Traver, Fredenia Services Corporation. This is indeed a case about waiver. And yes, they tried to run out the clock by saying they were sick. That was on the first arbitration. On the second arbitration, they referred it as was their right to the American Arbitration Association. So they referred it themselves? They referred it themselves. You fell into his trap. You referred to it as the second arbitration. Well, it didn't actually get concluded because they didn't pay the fee. And, you know, the fee issue was not resolved within the 38 days. And there is nothing... When you finally got in front of an arbitrator and they didn't show up and you got your $550,000, was that a third arbitration or was that the original arbitration that you had requested? That's the only arbitration that proceeded on the merits. Okay. Well, that's what I said. This is one and only one arbitration. Of course. Well, it certainly could be argued that there weren't two or three. Well, if they waived their right to arbitrate, then... Mr. Rosenthal has an argument. So it really comes down to that. And, Mr. Rosenthal, you know, there might be cases out there that talk about how arbitration agreements should be strictly construed. And, well... I have to admit, I mean, it is a case about waiver. That's one thing we agree on. The question is who waived it here. And when the arbitrator... There was a specific finding in this final order that he's appealing from that he did. That's correct. And how did we know that? The arbitrator found it in the first instance. And the circuit court signed off. And the circuit court signed off on it. Abusive discretion? Do we review Judge Epstein's order about the waiver? Judge Epstein's... Is that a factual determination? Judge Epstein's specific ruling about waiver is an abusive discretion ruling. So we would have to say that no rational prior fact could have concluded the way Judge Epstein did. That it was waived. Is that even really before us? Or are we really limited to just the arbitration itself? Well, that is correct. Judge Epstein, the only thing he really did was confirm the arbitration award. And that's really the only thing that's before us. Is there something that occurred at the arbitration hearing that would upset the award? That's correct. And really what it's about is what didn't occur. They could have come into the arbitration and made that waiver argument, that jurisdictional argument, argued that if you construe this agreement correctly, they only get one demand, one arbitration. The reason he walked away from it was to preserve his right to challenge your right to even arbitrate. You waived the right to arbitrate by not complying with the plan conditions. But the essence of waiver is that you can't save your arguments for later and assert them when it suits your convenience. This litigation is not a game of poker. And even in poker, you don't get to keep cards up your sleeve. Well, they're your cards. We were in front of Judge Epstein when the second time we tried to arbitrate this, they filed a monster of a motion to stay. Judge Epstein carefully considered every argument they made, that it was unconscionable, that this arbitration clause was wrong for so many reasons. They didn't make this argument. It was a different lawyer. Okay. This lawyer came up with another argument later on by not making that argument before Judge Epstein. And more importantly, before the arbitration, and then not making the argument before the arbitrator. It's they who waived it. Could Judge Epstein have said, the only issue before me is the confirmation of the arbitration award. If you don't attack what occurred at the arbitration hearing, I don't want to hear anything else. That's all there is to it. You know, I'm not exercising my discretion. I'm simply following well-established law on arbitration awards. It's either that or nothing. And I mean, Judge Epstein, he noted, and it's in the record, that the day before this arbitration, you know, the arbitrator himself said, I'm going to continue this to the day after your next status. And we stood up in front of Judge Epstein, and he's like, what's up? Said, we're going to arbitration tomorrow. The counsel said, we're not. And Judge Epstein said, well, I don't have anything in front of me right now, but you might want to think about what you're doing with that. You don't get to keep these cards up your sleeve. All right. Anything else? Unless your honors have any questions. One minute, sir. You understand? I think this is exactly on point. I think you have definitely cleaned the issue, which was what I was trying to convey. I would argue that it's possible, too, that by attending the arbitration, we would have waived the jurisdiction. Oh, yeah. That's true. So it's not fair. No, I didn't suggest to you that legally, you weren't doing what perhaps was in the best interest of your client, under the circumstances of the facts of the case. This has been very much so. I just didn't understand all of that summary judgment stuff in your brief. I mean, when we have to glean, when we have to detect your argument without the benefit of your brief, we sometimes get a little irritable. I'm sorry about that. Well, I still, you know, it's clear in my head. I'm sorry I didn't convey it as well as I might have, and I probably should have put the jurisdiction argument first. I still don't understand the procedure that Judge Epstein used here, so that was part of my problem. Whether he did, he didn't say he was just rubber stamping the arbitration award. That's possibly that he did it, and I don't know that that's correct. I'm not really that worried about that argument anyway. This was not my trap. I was, I found myself in this position. You came in late. I came in late, and I really had a serious question. The original attorneys withdrew in this case. Is that correct? That's correct. And I really was worried about actually attending the arbitration, because that would waive the jurisdiction argument. And I made that argument to Judge Epstein, and he didn't address this at all. Now, why, I can't tell you. But that's part of the reason why I had to appeal this. I don't understand. Well, I think he did it directly in his order, because basically what he was telling you, and that doesn't really prejudice you before this court, because, you know, we don't really care what he said on that issue of jurisdiction. He didn't think your jurisdictional argument had any merit. Well, he should have said that, I think. He inasmuch did when he compelled you to arbitration. But there's also another problem that I would like to, you know, raise to the court here. You've gone over your minutes. That was the Chicago School Reform Board of Trustees versus Diversified Pharmaceuticals, which I also cited, which clearly says, now that's a district court case, but it clearly says, time constraints on arbitration proceedings are substantial, or substantive, I'm sorry, and jurisdictional rather than procedural. Such questions of arbitrability must be decided by courts rather than arbitrators. So I, there are counter-arguments. But that's why we have 307. Okay. Okay. All right, well, thank you very much. Thank you. The case will be taken under advisement. The court is in recess. Thank you.